FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 1 1 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jack Jacobs, on behalf of himself and all )
others similarly situated, )
)
      Plaintiff, ) No. CV-02-1062 (DLI)(VVP)
v. )
)
Law Offices of Mitchell N. Kay, )
) CLASS ACTION
      Defendant. )

### Final Approval Order of the Class Action Settlement

This matter comes before the Court on the joint request of Plaintiff and a class of persons similarly situated (collectively, "Plaintiff" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated as of March 19, 2004.

The total number of Class Members is 97. Notice was sent by first class mail to 97 Persons at their last known mailing address using Accessible Contact Information. No Class Members requested exclusion from the Settlement, and no Class Members objected to the Settlement. A total of 21 envelopes were returned as "undeliverable" by the United States Postal Service with no further information available.

The Court being duly advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section, ¶¶ 1-30, and throughout the Class Action Settlement Agreement (the "Agreement"), dated as of March 19, 2004, attached as <u>Exhibit A</u> to the parties' Motion for Preliminary Approval.

2. <u>Notice</u>. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

A. The parties are directed to implement the settlement in accordance with its terms.

B. Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, pursuant to Paragraph 42 of the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D. Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E. Nothing herein shall alter, amend, or terminate the right of Defendant to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) owed by any Settlement Class Member, including the Class Representatives, for any debt. Nothing herein releases or discharges (1) any legally enforceable claim, which Defendant may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant may have against any or all Class Members or any other person or entity. Nothing herein voids or abrogates the contractual obligations of any Settlement Class Member, including the Settlement Class Representative.

4. Injunction. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

5. <u>Defendants' Denial of Liability</u>. The Court notes that Defendants deny any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representatives, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorneys' Fees</u>. The Court awards to Class Counsel Attorneys' Fees and costs in the amount of $32,000.00 at their current hourly rate after reviewing Class Counsel's affidavit for fees attached to the Parties Joint Motion for Preliminary Approval. Counsel for Defendant does not contest this award.

8.  <u>Entry of Judgment</u>.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this 6th day of May, 2005.

_____s/ DLI_____
U.S.D.J.

Judgment entered —

s/Robert C. Heinemann
Clerk of Court
May 9, 2005

5